**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM SUTHERLAND, | No. 12-15926 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01767-LJO-GBC |
| v. | |
| M. UNDERWOOD, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

California state prisoner William Sutherland appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to medical needs in connection with degenerative disk problems in

Sutherland's neck and back.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the district court's sua sponte dismissal of the action as barred by res judicata. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). We affirm.

The district court properly dismissed Sutherland's action as barred by the doctrine of res judicata because Sutherland could have litigated his claim against Underwood in a prior action, where he also alleged that prison officials were deliberately indifferent to his medical needs in connection with degenerative problems in his neck and back and, as a result, he fell from his upper bunk and injured his shoulder. *See id.* at 1052 (setting out the elements of res judicata); *FTC v. Garvey*, 383 F.3d 891, 897 (9th Cir. 2004) ("Res judicata, or claim preclusion, 'bars any lawsuits on any claims that were raised or could have been raised in a prior action.'" (citation omitted)).

**AFFIRMED.**